AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 2:22-mj-257
Black/Silver Samsung phone (N-10) & Black Apple iPhone )
(N-11) seized on March 30, 2022, currently stored at DEA )
CDO, 500 S. Front St., Columbus, OH )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A (incorporated by reference)

located in the _____Southern_____ District of _____Ohio_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B (incorporated by reference)

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. Section 841 (a)(1) and (b)(1)(A)(viii) | Possess with Intent to Distribute a Controlled Substance |

The application is based on these facts:
See Affidavit in Support of Warrant

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Jacob Smith, DEA TFO
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____telephone_____ *(specify reliable electronic means)*.

Date: April 8, 2022

City and state: Columbus, Ohio

_____
Kimberly A. Jolson
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF **Black/Silver Samsung (Exhibit N-10) & Black Apple iPhone (Exhibit N-11)** which were seized on March 30, 2022, currently stored at: **Drug Enforcement Administration (DEA) Columbus District Office (CDO) 500 S. Front St, Columbus, Ohio** | Case No. 2:22-mj-257<br><br>**UNDER SEAL** |

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, Jacob Smith, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am currently employed as a Deputy for the Franklin County Sheriff's Office, currently assigned full-time as a Task Force Officer with the Drug Enforcement Administration (DEA) Columbus District Office. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code (U.S.C.) § 2510(7), that is, an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in Title 18, U.S.C. § 2516. Your Affiant is empowered to investigate, to make arrests with or without warrants and to execute search warrants under the authority of Title 21, U.S.C. § 878 and the Ohio Revised Code. Since 2013, your Affiant has been employed with the Franklin County Sheriff's Office. Prior to that employment, your Affiant was employed with multiple law enforcement agencies within the State of Ohio for approximately three years. Those law enforcement agencies include the Village of Obetz Police Department as a full-time Officer, Sharon Township Police Department as a part-time Officer and the Westerville Police Department as a reserve Officer.

2. Prior to being assigned to the DEA Task Force in February 2019, your Affiant was a Detective with the Franklin County Sheriff's Office (FCSO), Special Investigations Unit and had been assigned to that unit since July 2014. Your Affiant, while assigned to the Special Investigations Unit, has conducted or participated in numerous state and federal narcotics investigations concerning the possession and distribution of controlled substances. Your Affiant was also assigned to the FCSO Heroin Overdose Prevention and Education (H.O.P.E) Task Force where I conducted numerous criminal investigations pertaining to fatal and non-fatal overdoses, these investigations resulted in convictions in Franklin County Common Pleas Court and United States District Court, Southern District of Ohio.

3. As a DEA Task Force Officer, I have participated in numerous investigations which have resulted in the successful prosecution of individuals and organizations involved in trafficking heroin, cocaine, cocaine base ("crack"), marijuana, methamphetamine and other controlled substances. Through the course of these investigations, I have personally interviewed confidential sources and other persons involved in the distribution of illegal narcotics. I have also interviewed persons arrested for the distribution of illegal narcotics. I have spoken with more experienced narcotics investigators with whom I have worked concerning the practices of narcotics traffickers and the best investigative methods to use when conducting investigations of narcotics trafficking organizations. Through the course of my investigations and through my conversations with more experienced narcotics investigators, I have become familiar with the methods and means utilized by persons who participate in the illegal distribution of controlled substances

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

4. The property to be searched: a **Black/Silver Samsung phone, (DEA Exhibit N-10) & a Black Apple iPhone (DEA Exhibit N-11)** hereinafter referred to as the "Devices." The Devices were seized by law enforcement on March 30, 2022 in Columbus, Ohio, and is currently located at **Drug Enforcement Administration, Columbus District Office, 500 S. Front Street, Columbus, Ohio.**

5. The applied-for warrant would authorize the forensic examination of the Devices for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

6. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

7. On March 30, 2022, Artemio Montes GUTIERREZ was arrested by law enforcement with the Franklin County Sheriff's Office with assistance from the Delaware County Drug Task Force following a narcotics transaction with an undercover Franklin County Sheriff's Office Detective. During the undercover transaction, GUTIERREZ provided the undercover Detective with a total of twenty bags of a clear crystal-like substance purported to be 20 pounds of methamphetamine in exchange for United States currency purported to be fifty-thousand dollars ($50,000.00). GUTIERREZ arrived to the narcotics transaction in a red Chevrolet Silverado bearing Ohio registration (JJP-8443) which is registered to GUTIERREZ at the registered address of 4765 Stiles Avenue in Columbus, Ohio. Once GUTIERREZ was arrested, law enforcement located the Devices within the Chevrolet Silverado which GUTIERREZ had occupied and removed the methamphetamine from the truck bed prior to his arrest. It should be noted, GUTIERREZ was the sole occupant of the Chevrolet Silverado.

Detectives conducted a field test of the suspected methamphetamine which tested presumptive positive for methamphetamine

8. Investigators were unable to identify the phones by their IMEI numbers due to the phone's battery having to be removed to locate the IMEI. Investigators know that the removal of the battery can cause information to be lost due to the device being powered down.

9. Investigators know from training and experience that narcotics traffickers will often use cellular telephones to further their operations. Investigators also know that traffickers will often use multiple cellular telephones to separate their sources of supply and their customer base in an attempt to make it difficult for investigators to identify individuals involved in the DTO. Investigators also know that smart phone devices, such as the two cellular phones in GUTIERREZ's possession, have the capabilities of using different message applications to communicate to others involved in the DTO such as Whatsapp, Chatnow, Textnow, Instagram, Snapchat, Facebook Messenger and others currently unknown by investigators. These devices can act as conduits to receive information pertaining to the DTO's operations as well as receiving alerts of packages being shipped and notifications of their arrivals. Investigators believe that a search of these devices will identify locations where drugs are stored, processed and sold along with individuals involved in the DTO's operations.

## TECHNICAL TERMS

10. Based on my training and experience, I use the following technical terms to convey the following meanings:

    a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of

transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some

        GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

    d.    Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

    11.    Based on my training, experience, and research, I know that the Devices have capabilities that allow it to serve as, among other things, a wireless telephone for voice and text messages, digital camera, portable media player, GPS navigation device, and portal to the internet. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the devices.

6

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

12. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

13. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Devices because:

   e. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   f. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   g. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

7

      h.      The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

      i.      Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

14.    *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

15.    *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

16. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Devices described in Attachment A to seek the items described in Attachment B.

## REQUEST FOR SEALING

17. It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant. I believe that sealing this document is necessary because the warrant is relevant to an ongoing investigation into the criminal organization as not all of the targets of this investigation will be searched at this time. Based upon my training and experience, I have learned that, online criminals actively search for criminal affidavits and search warrants via the internet, and disseminate them to other online criminals as they deem appropriate, i.e., post them publicly online through the carding forums. Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

Respectfully submitted,

Jacob Smith
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me
on this  8th  day of April, 2022.

Kimberly A. Jolson
United States Magistrate Judge

## ATTACHMENT A

The property to be searched is:

a. **Black/Silver Samsung (Exhibit N-10)**
b. **Black Apple iPhone (Exhibit N-11)**

hereinafter referred to as the "Devices."

The Devices were seized by law enforcement on March 30, 2022, in Columbus, Ohio, and is currently located at the **Drug Enforcement Administration, Columbus District Office, 500 S. Front Street, Columbus, Ohio.**

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1. All records on the Device(s), which is described in Attachment A, that relate to violations of **Title 21, United States Code, Sections 841(a)(l) and 846,** and involve **Artemio Montes GUTIERREZ**, since the origination of data on the device, including:

    a. lists of customers and related identifying information;

    b. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

    c. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

    d. any information recording **Artemio Montes GUTIERREZ** schedule or travel from the origination of data on the device to the present;

    e. all bank records, checks, credit card bills, account information, and other financial records;

    f. all pictures, videos, or other identifying media that will assist investigators in locating and identifying individuals involved in the DTO or others not yet known to investigators;

    g. all GPS tracking data and frequent locations, along with stored GPS information associated with applications such as Google Maps or other applications not yet known to investigators that store location information; and

    h. all Facebook information, including Facebook account numbers, Facebook friends lists, messages, video recordings, social post, photos, internet links, group chats and any other information that would assist investigators in the investigation of

this DTO to include identifying individuals involved in the DTO or other organizations not yet known to investigators.

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

3. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.